UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-22548-CIV-GAYLES/OTAZO-REYES

BRANCH BANKING AND TRUST
COMPANY,

        **Plaintiff,**

v.

AMERICAN BANCSHARES MORTGAGE,
LLC,

        **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Partial Summary Judgment [ECF No. 21] ("Plaintiff's Motion") and Defendant American Bancshares Mortgage, LLC's Motion for Summary Judgment [ECF No. 32] ("Defendant's Motion"). The Court has reviewed the Motions and the record and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is granted, and Defendant's Motion is denied.

**I.    BACKGROUND**

Defendant American Bancshares Mortgage, LLC ("Defendant") underwrites and originates mortgage loans. On September 13, 2007, Plaintiff Branch Banking and Trust Company ("Plaintiff") entered into an agreement (the "Contract") with Defendant to purchase loans underwritten and originated by Defendant. The Contract is governed by North Carolina law. The Contract's express indemnity provision provides:

> Seller [Defendant] shall indemnify and hold Buyer [Plaintiff] . . . harmless against and in respect of, and shall reimburse Buyer and any such assignee for, any and all claims, damages, liabilities, costs, expenses (including without limitation attorney's fees and internal costs and expenses), repurchase amounts, carrying costs, penalties, fines, forfeitures, actions, causes of action and judgments, arising out of,

1

> resulting from or relating to: . . . (g) without limiting the foregoing (i) any inability to obtain, or lapse or cancellation of, private mortgage insurance . . . that arises out of, results from or relates to an act or omission on the part of the Seller . . .

[ECF No. 1-1 ¶ 11]. In the event Defendant is obligated to indemnify Plaintiff, the Contract sets forth a repurchase requirement:

> If Seller [Defendant] is obligated to indemnify Buyer [Plaintiff] or any assignee, direct or indirect, or a Mortgage Loan purchased by Buyer from Seller hereunder with respect to any of the events or circumstances set forth in section 11 (the "Indemnified Events"), then in addition to the obligations of Seller under section 11, Seller shall, upon receipt of a notice from Buyer, promptly repurchase from Buyer each Mortgage Loan acquired by Buyer hereunder that is affected by the Indemnified Events . . .

[*Id.* ¶ 12].

In this action, Plaintiff seeks to enforce the Contract's indemnification provision and to obtain specific performance of the repurchase provision as to a single 2007 mortgage loan on a property located in Miramar, Florida. Plaintiff purchased the mortgage loan from Defendant in December 2007. Before this sale, Defendant had obtained private mortgage insurance on the loan from Republic Mortgage Insurance Company ("RMIC"). In January 2008, Plaintiff sold the loan to the Federal Home Loan Mortgage Corporation ("Freddie Mac"), but continued to act as the mortgage servicer.

On July 14, 2010, RMIC contacted Plaintiff with concerns over the appraisal of the property and the loan's eligibility for private mortgage insurance. In August and November of 2010, Plaintiff notified Defendant of RMIC's concerns and obtained documentation from Defendant to respond to RMIC's inquiries.

In March 2012, Plaintiff received a notice from RMIC of its intention to cancel the private mortgage insurance based on a failure in the underwriting of the loan. Plaintiff did not notify Defendant of this correspondence from RMIC at that time, but instead itself provided RMIC additional documentation in an effort to prevent the cancellation. RMIC nevertheless

cancelled the private mortgage insurance in September 2012. In its cancellation notice, RMIC indicated that the cancellation was based on Defendant's breach of its agreement in failing to exercise reasonable care in the underwriting process:

> In this case, had the insured's underwriter exercised reasonable care in the underwriting of the loan, the loan would not have been approved and the Certificate would not have been issued. The failure to comply with applicable guidelines, policies, and procedures is a breach of the terms of the [Delegated Underwriting Agreement] and the Policy that has damaged and will damage RMIC.

[ECF No. 1-2, at 2].

On May 5, 2016, Freddie Mac demanded that Plaintiff repurchase the loan based on the cancellation of private mortgage insurance. On June 24, 2016, Plaintiff notified Defendant of the repurchase demand based on the cancellation of private mortgage insurance. On August 15, 2016, Plaintiff repurchased the loan from Freddie Mac for $181,662.81. On August 16, 2016, Plaintiff made an indemnity demand to Defendant. Plaintiff made an additional indemnity demand in November 2016, but to date has not received reimbursement or repurchase.

Plaintiff filed the instant action on July 7, 2017. On September 29, 2017, Defendant answered and raised three affirmative defenses: statute of limitations, laches, and failure to mitigate damages. On November 9, 2017, Defendant amended its answer, raising the same three affirmative defenses. Plaintiff now moves for summary judgment on Count I, and Defendant moves for summary judgment on its affirmative defenses.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a)); *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). "By its very terms, this standard provides that the mere existence of *some* alleged fac-

tual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" if a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "Where the material facts are undisputed and all that remains are questions of law, summary judgment may be granted." *Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 818 F.3d 1122, 1138 (11th Cir. 2016).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.,* 780 F.3d 1039, 1050 (11th Cir. 2015).

## III. DISCUSSION

### A. The Indemnity Provision

Plaintiff moves for summary judgment as to Count I, its claim for entitlement to indemnification. As set forth above, the Contract's express indemnity provision provides:

> Seller [Defendant] shall indemnify and hold Buyer [Plaintiff] . . . harmless against and in respect of, and shall reimburse Buyer and any such assignee for, any and all claims, damages, liabilities, costs, expenses (including without limitation attorney's fees and internal costs and expenses), repurchase amounts, carrying costs, penalties, fines, forfeitures, actions, causes of action and judgments, arising out of, resulting from or relating to: . . . (g) without limiting the foregoing (i) any inability to obtain, or lapse or cancellation of, private mortgage insurance . . . that arises out

of, results from or relates to an act or omission on the part of the Seller . . .

[ECF No. 1-1 ¶ 11]. It is undisputed that RMIC cancelled private mortgage insurance, citing Defendant's failure to exercise reasonable care in underwriting the loan. It is further undisputed that Freddie Mac demanded repurchase of the loan because of the lapse in private mortgage insurance. Defendant has offered no facts demonstrating that it indeed exercised reasonable care in underwriting or that the contractual indemnity provision is otherwise inoperative. Thus, on the undisputed facts, the Contract requires Defendant to indemnify Plaintiff and reimburse Plaintiff "for . . . repurchase amounts . . . arising out of, resulting from or relating to . . . [the] lapse or cancellation of private mortgage insurance . . . that arises out of, results from or relates to" Defendant's failure to exercise reasonable care in underwriting the loan. [*Id.*].

Rather than contest the applicability or operation of the Contract's indemnity provision, Defendant argues in response and in its own motion that it is entitled to summary judgment on its three affirmative defenses: statute of limitations, laches, and failure to mitigate damages. Accordingly, on the uncontested facts, Plaintiff is entitled to summary judgment on Count I absent an affirmative defense barring recovery. The Court turns now to the three affirmative defenses.

### B. Statute of Limitations

North Carolina law provides a three-year statute of limitations for an action based on a contract. N.C. Gen. Stat. § 1-52(1). Defendant argues that Plaintiff's claim accrued—and thus the three-year statute of limitations began to run—at the latest on September 21, 2012, when RMIC notified Plaintiff that it had cancelled the private mortgage insurance. Plaintiff maintains that the claim did not accrue until it suffered an "actual loss" on August 15, 2016, when it repurchased the loan from Freddie Mac.

Defendant casts Plaintiff's claim as one for breach of contract, which under North

5

Carolina law, "generally [accrues] at the time of the breach." *Schenkel & Shultz, Inc. v. Hermon F. Fox & Assocs.*, 636 S.E.2d 835, 839 (N.C. App. 2006). But North Carolina follows a special rule for indemnity actions: "a cause of action on an obligation to indemnify normally accrues when the indemnitee suffers actual loss." *Id.* at 842. Plaintiff maintains that its claims are for indemnity, not breach of contract, so its claims did not accrue until it suffered actual loss. "The determination of whether a particular policy of insurance is one of indemnity or liability 'depends upon the intention of the parties as evinced by the phraseology of the agreement in the policy.'" *City of Greensboro v. Reserve Ins. Co.*, 321 S.E.2d 232, 237 (N.C. App. 1984) (quoting *Boney v. Cent. Mut. Ins. Co. of Chicago*, 196 S.E. 837, 839 (N.C. 1938)). Here, there can be no doubt as to the intention of the parties: the section of the Contract titled "Indemnification" provides that "Seller shall *indemnify* . . . Buyer" in the event of losses resulting from the lapse in private mortgage insurance attributable to Buyer's conduct. [ECF No. 1-1 ¶ 11 (emphasis added)].

Thus, North Carolina law is clear: the statute of limitations for Plaintiff's indemnity claim did not accrue until Plaintiff suffered "actual loss." Actual loss occurs when the indemnitee makes the payment for which it seeks indemnification. *Schenkel*, 636 S.E.2d at 842. ("[B]ecause the payment for which the plaintiff sought indemnity was made several months prior to the claim being filed, although more than three years after the breach of contract . . . [,] the actual loss was suffered within the three-year period."). Here, Plaintiff did not suffer an actual loss until it repurchased the loan from Freddie Mac on August 15, 2016. Thus, its claim for indemnity was brought within the limitations period. And because the contract is clear that the repurchase provision is triggered only when Defendant is obligated to indemnify Plaintiff, Plaintiff's second claim is likewise timely.

6

### C. Laches

"Laches is an affirmative defense; the party pleading it bears the burden of proof." *Harris & Gurganus, Inc. v. Williams*, 246 S.E.2d 791, 794 (N.C. App. 1978). "The doctrine of laches requires a showing (1) that petitioner negligently failed to assert an enforceable right within a reasonable period of time, and (2) that the propounder of the doctrine was prejudiced by the delay in bringing the action." *Sunbelt Rentals, Inc. v. Head & Engquist Equip., LLC*, 620 S.E.2d 222, 232 (N.C. App. 2005) (quoting *Costin v. Shell*, 280 S.E.2d 42, 44 (1981)). Further, North Carolina law "recognizes that 1) the doctrine [of laches] applies where a delay of time has resulted in some change in the condition of the property or in the relations of the parties; 2) the delay necessary to constitute laches depends upon the facts and circumstances of each case; however, the mere passage of time is insufficient to support a finding of laches; 3) the delay must be shown to be unreasonable and must have worked to the disadvantage, injury or prejudice of the person seeking to invoke the doctrine of laches; and 4) the defense of laches will only work as a bar when the claimant knew of the existence of the grounds for the claim." *MMR Holdings, LLC v. City of Charlotte*, 558 S.E.2d 197, 198 (N.C. App. 2001).

The Court finds no delay at all in this case, much less an unreasonable one. As discussed above, Plaintiff's indemnity claim—that is, its legal right to indemnification—did not accrue until August 15, 2016, when it made the repurchase payment to Freddie Mac. Plaintiff made its first indemnity demand to Defendant the very next day, on August 16, 2016, and filed this action on July 7, 2017, less than a year later and well within the limitations period. Based on the undisputed facts, Defendant has failed to carry its burden of proof on the affirmative defense of laches and is not entitled to summary judgment on this basis.

### D. Mitigation of Damages

Finally, Defendant argues that Plaintiff should be barred from recovery for its failure to

7

mitigate damages. Like laches, failure to mitigate damages is an affirmative defense and the party asserting it bears the burden of proof. *Clark v. Bichsel*, 767 S.E.2d 145, 148 (N.C. App. 2015). Generally, a "nonbreaching party is under [a] duty to use reasonable diligence to minimize the loss occasioned by the injuring party's breach of contract." *Isbey v. Crews*, 284 S.E.2d 534, 538 (N.C. App. 1981).

Importantly, however, "[t]he duty to mitigate damages arises only after a breach occurs." *Strader v. Sunstates Corp.*, 500 S.E.2d 752, 759 (N.C. App. 1998). While Defendant concedes this premise, it argues that the relevant breach occurred "at the latest, on September 2, 2012 when the PMI was terminated." [ECF No. 37, at 15]. But the claim is one for express contractual indemnity, so the relevant breach occurred when Defendant refused to indemnify Plaintiff for its August 15, 2016 losses. Defendant has offered no evidence whatsoever that Plaintiff failed to mitigate its damages after that date. Accordingly, Defendant is not entitled to summary judgment on its third affirmative defense.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Partial Summary Judgment [ECF No. 21] is **GRANTED**; and

2. Defendant American Bancshares Mortgage, LLC's Motion for Summary Judgment [ECF No. 32] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of September, 2018.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE